## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CONNECTICUT VALLEY TOBACCONIST LLC,** | : |
| | : **CIVIL ACTION NO.** |
| **PLAINTIFF,** | : |
| **v.** | : |
| | : **JURY TRIAL DEMANDED** |
| **PREMIUM IMPORTS, INC., d/b/a LA Flor** | : |
| **DOMINICANA, AND PBK SMOKERS LLC, d/b/a** | : |
| **HARRY'S SMOKE SHOP,** | : |
| | : |
| **DEFENDANTS.** | : |

## COMPLAINT

### INTRODUCTION

This is an action brought by Plaintiff, Connecticut Valley Tobacconist LLC ("Plaintiff"),

against Premium Imports Inc., d/b/a La Flor Dominicana ("La Flor") and PBK Smokers LLC,

d/b/a Harry's Smoke Shop ("HSS")(collectively "Defendants") for trademark infringement, false

designation of origin, unfair competition and other relief arising under 15 U.S.C.A. §§ 1051 et

seq. (the "Lanham Act") and the common law of the Commonwealth of Pennsylvania.

### PARTIES

1.      Plaintiff is a Connecticut Limited Liability Company and citizen of the State of

Connecticut with its principal place of business located at 337 Hazard Ave, Enfield, Connecticut

06082.

2.      La Flor is a Florida corporation and a citizen of the State of Florida that regularly

conducts business in the Eastern District of Pennsylvania and which has a principal place of

business located at 123 San Lorenzo Ave, Coral Gables, Florida, 33146.

3.      HSS is a Pennsylvania Limited Liability Company and citizen of the

Commonwealth of Pennsylvania that regularly conducts business in the Eastern District of

1

Pennsylvania and which has a principal place of business and retail store located at 15 N. 3rd

Street, Philadelphia, Pennsylvania, 19106.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338,

1367 and the Lanham Act.  This Court also has diversity jurisdiction pursuant to 28 U.S.C. §

1332, since the matter at issue exceeds the sum or value of $75,000, exclusive of interest and

costs, and is between citizens of different states.

5.      Venue is proper in this district under 28 U.S.C. § 1391 in that Defendants reside

in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims

occurred here.

## FACTUAL BACKGROUND

### Plaintiff's Trademark

6.      Plaintiff is in the business of, *inter alia*, designing, manufacturing and selling its

own trademark branded cigars.

7.      Since at least as early as January of 2003, Plaintiff has been using the word mark

Mysterioso ("MYSTERIOSO®") to represent its unique brand of cigars for sales and marketing

in interstate commerce.

8.      MYSTERIOSO® is a fanciful standard character word mark with no literal

meaning other than its significance as Plaintiff's mark.

9.       Since at least as early as January of 2004, Plaintiff has been advertising,

promoting and selling its MYSTERIOSO® branded cigars in interstate commerce.

10.     On August 11, 2006, Plaintiff filed an application to register MYSTERIOSO®

with the United States Patent and Trademark Office ("USPTO").

2

11.     On July 10, 2007, the USPTO issued a Registration Certificate to Plaintiff for the federal trademark MYSTERIOSO® ("Mark Registration"), which the USPTO listed on the Principal Register. A copy of the Mark Registration is attached hereto as Exhibit "A".

12.     The Mark Registration states that MYSTERIOSO® is registered to Plaintiff and that "THE MARK CONSISTS OF STANDARD CHARACTERS WTIHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE OR COLOR."

13.     The Mark Registration also states that MYSTERIOSO® is registered for "CIGARS" in "CLASS 34."

14.     On July 12, 2012, Plaintiff submitted a Declaration of Use Affidavit to the USPTO, pursuant to Section 8 of the Lanham Act, affirming that MYSTERIOSO® was still being used by Plaintiff in commerce in connection with cigars ("Plaintiff's Section 8 Declaration").

15.     On July 28, 2012, the USPTO issued a Notice of Acceptance of Plaintiff's Section 8 Declaration.

16.     THE MYSTERIOSO® trademark is and has been displayed, promoted and advertised by Plaintiff with the ® symbol.

17.     The MYSTERIOSO® trademark, which is presently active and in force, is an important source indicator which identifies Plaintiff's branded cigars to potential customers.

18.     Plaintiff has invested a substantial amount of time, money and other resources in advertising, promoting, marketing and publicizing MYSTERIOSO®  to wholesale and retail customers throughout the United States (collectively, "Plaintiff's Promotional Efforts").

19.     Plaintiff's Promotional Efforts have included, but have not been limited to: print, digital and website advertising; promotional appearances at tobacco related trade shows and events; and marketing through Plaintiff's retail store.

20.     As a result of Plaintiff's Promotional Efforts and the quality of its MYSTERIOSO® cigars, Plaintiff has acquired consumer recognition, goodwill and notoriety (collectively, "Goodwill") for its MYSTERIOSO® trademark throughout the United States.

21.     The trademark MYSTERIOSO®, and the Goodwill that accompany it, are valuable assets of Plaintiff.

### Defendants' Infringement

22.     La Flor is in the business of, *inter alia*, designing, manufacturing and selling cigars; and in this regard, La Flor is a direct competitor to Plaintiff.

23.     La Flor sells its cigars to over one hundred retailers throughout the United States and to over a dozen retailers in this judicial district.

24.     In or around 2007, subsequent to Plaintiff's substantial use of its MYSTERIOSO® trademark and the sale of its MYSTERIOSO® cigars in interstate commerce throughout the United States, La Flor began advertising, promoting, marketing and publicizing (collectively, "Marketing" or "Market") a cigar it branded as "Mysterio" (herein "Mysterio Infringing Mark") to wholesale and retail customers throughout the United States.  A copy of the Mysterio Infringing Mark is attached hereto as Exhibit "B".

25.     La Flor legally could not register the Mysterio Infringing Mark with the USPTO, nor did it have permission or a license from Plaintiff to use a mark that has and is likely to cause confusion among customers, sellers and others in the cigar market and industry.

4

26.     In July and August of 2007, Plaintiff sent La Flor cease and desist letters which further alerted La Flor about Plaintiff's long-standing use of MYSTERIOSO® and demanded that La Flor discontinue using the Mysterio Infringing Mark and selling Mysterio brand cigars.

27.     Despite Plaintiff's reasonable efforts to police against the infringing use of its mark, and La Flor's actual and statutory notice of Plaintiff's trademark for MYSTERIOSO®, La Flor has continued to unlawfully Market the Mysterio Infringing Mark and sell its Mysterio brand cigars, causing actual and potential confusion as set forth herein.

28.     Furthermore, in 2013, La Flor began Marketing, distributing and selling cigars in the same markets as Plaintiff using the mark and brand Mysterioso ("Mysterioso Infringing Mark"), which is identical to Plaintiff's registered trademark and brand. A copy of the Mysterioso Infringing Mark is attached hereto as Exhibit "C".

29.     At all times relevant hereto, La Flor has used the Mysterioso Infringing Mark despite actual and statutory notice of Plaintiff's exclusive right to use MYSTERIOSO®.

30.     La Flor is using the Mysterio Infringing Mark and the Mysterioso Infringing Mark (collectively, the "Infringing Marks") in direct competition with Plaintiff to Market and sell its Mysterio and Mysterioso cigars throughout the United States to wholesale, retail and individual customers.

31.     La Flor has been Marketing and selling its cigars using the Infringing Marks to over a dozen retailers in this judicial district, including HSS.

32.     HSS owns and operates a retail store, Harry's Smoke Shop, which is located in this judicial district at 15 N. 3rd Street, Philadelphia, Pennsylvania, 19106.

33. Since at least 2013, HSS has been Marketing La Flor's Mysterioso and Mysterio cigars, which contain the Infringing Marks, to potential customers in this judicial district and throughout the United States, via online advertising.

34. Since at least 2013, HSS has been selling La Flor's Mysterioso and Mysterio cigars, which contain the Infringing Marks, in its retail stores to customers who reside in this judicial district as well as to customers who travel from other states.

35. Defendants' use of the Infringing Marks is so similar to MYSTERIOSO® that it is likely to cause confusion, mistake or deception as to the source of origin in regard to the products sold by Defendants containing the Infringing Marks.

36. The confusion, mistake and deception caused by Defendants' use of the Infringing Marks, includes but is not limited to *reverse confusion* and dilution of Plaintiff's mark among cigar customers, who have become more familiar with the junior Infringing Marks given that La Flor is a larger and more powerful company than Plaintiff.

37. The acts of Defendants complained of herein are willful and unlawful.

### COUNT I – Federal Trademark Infringement under the Lanham Act
### (Plaintiff v. All Defendants)

38. Plaintiff incorporates the preceding paragraphs above, as if set forth fully and at length herein.

39. Defendants, through their conduct described above and herein, are providing in interstate commerce products under marks that are colorable imitations of Plaintiff's registered mark, MYSTERIOSO®, which are likely to cause confusion or mistake and/or to deceive in violation of the Lanham Act Section 32(1),(15 U.S.C. § 1114).

40. Defendants have committed such acts of infringement willfully and with full knowledge of Plaintiff's prior use and registration of, and rights in and to, its MYSTERIOSO trademark.

41. As a proximate result of Defendants' acts, Plaintiff has suffered, and will continue to suffer damage to its Goodwill, injury to its current and potential customer base, and a loss of revenue in an amount not yet determined.

42. Plaintiff is entitled to recover its compensatory damages along with Defendants' profits and reasonable royalties for the infringing use of the MYSTERIOSO® trademark.

43. Defendants' intentional and willful infringement has caused, and will continue to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands the relief set forth below.

## Count II – Unfair Competition under the Lanham Act
### (Plaintiff v. Defendant La Flor)

44. Plaintiff incorporates the preceding paragraphs above, as if set forth fully and at length herein.

45. Defendants, through their conduct described above and herein, are providing in interstate commerce products under marks that are colorable imitations of Plaintiff's registered mark, MYSTERIOSO®, which are likely to cause confusion or mistake and/or to deceive in violation of the Lanham Act Section 43(a),(15 U.S.C. § 1125(a)).

46. Defendants have committed such acts of infringement willfully and with full knowledge of Plaintiff's prior use and registration of, and rights in and to, its MYSTERIOSO® trademark.

47.     As a proximate result of Defendants' acts, Plaintiff has suffered, and will continue to suffer damage to its reputation and goodwill, injury to its current and potential customer base, and a loss of revenue in an amount not yet determined.

48.     Plaintiff is entitled to recover its compensatory damages along with Defendants' profits and reasonable royalties for the infringing use of the MYSTERIOSO® trademark.

49.     Defendants' intentional and willful infringement has caused, and will continue to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands the relief set forth below.

## Count III – Trademark Infringement and Unfair Competition under Pennsylvania Common Law
### (Alleged Against All Defendants)

50.     Plaintiff incorporates the preceding paragraphs above, as if set forth fully and at length herein.

51.     Defendants, through their conduct described above and herein, are providing in Pennsylvania products under marks that are colorable imitations of Plaintiff's registered mark, MYSTERIOSO®, which are likely to cause confusion or mistake and/or to deceive.

52.     Defendants have committed such acts of infringement willfully and with full knowledge of Plaintiff's prior use and registration of, and rights in and to, its MYSTERIOSO® trademark.

53.     As a proximate result of Defendants' acts, Plaintiff has suffered, and will continue to suffer damage to its reputation and goodwill, injury to its current and potential customer base, and a loss of revenue in an amount not yet determined.

54.     Plaintiff is entitled to recover its compensatory damages along with Defendants' profits and reasonable royalties for the infringing use of the MYSTERIOSO® trademark.

8

55.   Defendants' intentional and willful infringement has caused, and will continue to cause irreparable harm to Plaintiff, for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands the relief set forth below.

## RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that the Court grant it the following relief:

(a)   Permanently enjoining and restraining Defendants from using the Infringing Marks or any other marks similar to Plaintiff's trademark of MYSTERIOSO® in connection with the sale, marketing or promotion of Defendants' goods and services;

(b)   Permanently enjoining and restraining Defendants from applying to register any trademark that is similar to Plaintiff's trademark of MYSTERIOSO®;

(c)   Ordering Defendants to deliver up for destruction all products bearing the Infringing Marks or any other marks trademarks that are similar to Plaintiff's trademark of MYSTERIOSO®;

(d)   Awarding economic damages to Plaintiff in the form of compensatory damages for the injuries sustained by Plaintiff in consequence of the unlawful acts alleged by Defendants herein;

(e)   Awarding economic damages to Plaintiff in the form of all gains, royalties and profits derived by Defendants based on the unlawful acts alleged herein;

(f)   Awarding punitive or exemplary damages to Plaintiff, including but not limited to treble damages as a result of Defendants willful infringement;

(g)   Awarding Plaintiff reasonable attorney's fees, and costs of suit; and

(h)   Granting such other and further relief to Plaintiff as the Court deems just, appropriate and equitable.

Respectfully submitted,

Dated: August 22, 2014

/s/ Casey Green

Casey Green, Esquire
Sidkoff, Pincus & Green, P.C.
1101 Market Street
2700 Aramark Tower
Philadelphia, PA 19107
215-574-0600 (phone)
215-574-0310 (fax)
cg@sidkoffpincusgreen.com

Attorney for Connecticut Valley
Tobacconist LLC

# EXHIBIT "A"

**Int. Cl.: 34**

**Prior U.S. Cls.: 2, 8, 9 and 17**

**United States Patent and Trademark Office**

**Reg. No. 3,260,819**

Registered July 10, 2007

### TRADEMARK
### PRINCIPAL REGISTER

# MYSTERIOSO

CONNECTICUT VALLEY TOBACCONIST LLC (CONNECTICUT LTD LIAB CO)
337 HAZARD AVENUE
ENFIELD, CT 06082

FOR: CIGARS, IN CLASS 34 (U.S. CLS. 2, 8, 9 AND 17).

FIRST USE 1-4-2003; IN COMMERCE 1-4-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-950,524, FILED 8-11-2006.

YONG KIM, EXAMINING ATTORNEY

# EXHIBIT "B"

# EXHIBIT "C"

